UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

AHMAD ODTALLAH,

                                            Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. HIRAM NIEVES,
Shield No. 7044, Individually and in his Official Capacity,
and P.O.'s " JOHN DOE" #1-10, Individually and their
Official Capacity (the name John Doe being fictitious as
the true names are presently unknown),

                                          Defendants.

------------------------------------------------------------------- x

**CONFIDENTIALITY STIPULATION AND ORDER**

11-CV-5548 (BMC)

        **WHEREAS**, defendants City of New York, and P.O. Hiram Nieves (hereinafter "defendants") intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

        **WHEREAS**, defendants will only produce these documents if appropriate protection for their confidentiality is assured; and

        **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for plaintiff and defendants, as follows:

1. As used herein, "Confidential Materials" shall mean New York City Police Department ("NYPD") personnel and disciplinary related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agency, and other documents that may, during the pendency of this litigation, be designated "Confidential Material" by defendants or the Court, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2. Defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to plaintiff's counsel. Defendants reserve the right to designate any documents confidential pursuant to this agreement if necessary after production of such documents to plaintiff. If plaintiff objects to the designation of particular documents as "Confidential Materials," plaintiff shall state such objection in writing to the defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then defendants shall, within fifteen (15) days of receiving plaintiff's objections, move for an order approving such designation.

3. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

4. Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

    a.    Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

    b.    Disclosure before trial may be made only to plaintiff, to an expert who has been retained or specially employed by plaintiff's attorney in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

    c.    Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorney and a copy shall be furnished to defendants' attorneys upon their request.

    5.    Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

    6.    The parties agree that, if any papers that incorporate Confidential Materials or reveal the contents thereof, are to be filed with the Court, the parties shall make a

joint application to the Court for permission to file those papers under seal. Upon receipt of permission, the parties shall follow the District Court protocol for filing under seal.

7. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

8. This stipulation shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

9. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Gerald Cohen, Esq.
Cohen & Fitch LLP
*Attorneys for Plaintiff*
233 Broadway, Suite 1800
New York, NY 10279

By: _____
Gerald Cohen, Esq.
*Attorney for Plaintiff*

Dated: New York, New York
       March 1, 2012

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendant City of New York,
and P.O. Hiram Nieves*
100 Church Street, Rm. 3-206
New York, New York 10007
(212) 788-9033

By: _____
Duane Blackman
Assistant Corporation Counsel

Dated: New York, New York
       March 13, 2012

Dated: Brooklyn, New York
       3/23, 2012

SO ORDERED:

s/ BMC

_____
HON. BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE